NH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Suarez-Maya, | No.   CV-26-01893-PHX-MTL (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| David R. Rivas, | |
| Respondent. | |

Self-represented Petitioner Mario Suarez Maya, who is confined in the San Luis Regional Detention Center, filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1]  The Court will dismiss the Petition and this action.

## I.      Petition

On September 9, 2025, Petitioner was taken into Immigration and Customs Enforcement (ICE) custody.  At his bond hearing, the Immigration Judge denied bond "due to [Petitioner] driving without a license."  Petitioner claims that his detention is a violation of his Fifth Amendment right to due process and that his detention is causing weight loss, loss of sleep, and stress.  He seeks release from custody.

## II.     Prior Habeas Petition

On December 17, 2025, Petitioner filed his first Petition for Writ of Habeas Corpus with the assistance of counsel.  *See Suarez-Maya v. Bondi*, CV-25-04756-PHX-

---

[1] Petitioner did not pay the filing fee or file an Application to Proceed In Forma Pauperis.

MTL (CDB) (D. Ariz. 2025).    The Court granted Petitioner's Petition and ordered Respondents to either provide him with a bond redetermination hearing within seven days or release him from custody.    On January 9, 2026, Respondents filed a Notice of Compliance indicating that Petitioner had been scheduled for a bond hearing on January 12, 2026, in accordance with the Court's order.

At Petitioner's bond hearing, he was found to be a danger to the community and ordered detained by the Immigration Judge (IJ).  Subsequently, Petitioner filed two motions asking the Court to overturn the IJ's discretionary bond determination; the Court denied Petitioner's Motions for lack of jurisdiction.

**III.    Dismissal of Petition**

Habeas corpus review in district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g); "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9);[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)).  *See also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other specified discretionary decisions and actions).

However, "the extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision.'" *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018).  Thus, "challenges to the statutory framework" authorizing detention, *id.* at 295-296; "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); and "constitutional claims," such as "claims that the discretionary process itself was constitutionally flawed[,] are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241,'" *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829 (9th Cir. 2002).

---

[2] *See* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

- 2 -

Petitioner already received a bond hearing. To the extent that Petitioner is requesting this Court review the IJ's discretionary decision to deny bond, this Court lacks jurisdiction to review such claim.

Additionally, immigration detainees are not entitled to a second bond hearing. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) (petitioner's duration of detention alone cannot "'sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations.'" (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018))).

Lastly, the Court finds there is no basis in the Petition to order Petitioner's release. Accordingly, the Petition will be dismissed without prejudice.

**IT IS ORDERED:**

(1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed without prejudice**.

(2)    The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 26th day of March, 2026.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

- 3 -